[Cite as *State v. Maxwell*, 2011-Ohio-4545.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

STATE OF OHIO                                                                                   :

                                  :        Appellate Case Nos. 24123

        Plaintiff-Appellee                        :                       24124

                                  :        24148

v.                                                                                              :

                                  :        Trial Court Case Nos.    09-CR-2679

DEMAR D. MAXWELL                                                                     :

                                  09-CR-4063/2

                                  :                     09-CR-4183/2

        Defendant-Appellant                   :

                                  :        (Criminal Appeal from

                                  :         Common Pleas Court)

                                  :

. . . . . . . . . .

# O P I N I O N

Rendered on the 9th day of September, 2011.

. . . . . . . . . .

MATHIAS H. HECK, JR., by ANDREW T. FRENCH, Atty. Reg. #0069384, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422
        Attorneys for Plaintiff-Appellee

JEFFREY T. GRAMZA, Atty. Reg. #0053392, Talbott Tower, Suite 1210, 131 North Ludlow Street, Dayton, Ohio 45422
        Attorney for Defendant-Appellant

. . . . . . . . .

HALL, J.

    **{¶ 1}** This matter comes before the court upon three consolidated appeals filed by Demar D. Maxwell, Montgomery App.

Nos. CA 24123, CA 24124, and CA 24148.[1]

{¶ 2} In Montgomery App. No. 24123, the trial court found Maxwell guilty following a no contest plea to an aggravated robbery charge and a firearm specification. He received an aggregate ten-year prison sentence. No assignments of error were raised with respect to this case and we therefore affirm the judgment of the trial court in that case.

{¶ 3} In Montgomery App. No. 24124, a jury convicted Maxwell on multiple charges of complicity to commit aggravated murder, aggravated burglary, aggravated robbery, evidence tampering, having weapons while under disability, and related firearm specifications. The trial court imposed an aggregate sentence of thirty-seven years to life in prison.

{¶ 4} In Montgomery App. No. 24148, the trial court found Maxwell guilty following a no contest plea to one count of evidence tampering. The trial court imposed a three-year prison sentence.

{¶ 5} Maxwell advances two assignments of error on appeal. The first concerns his jury trial in Montgomery App. No. 24124. Maxwell claims the trial court erred in overruling a motion for a mistrial and failing to provide a curative instruction after the prosecutor engaged in misconduct. The second assignment of error addresses the denial of a suppression motion in Montgomery App. No. 24148. Maxwell contends the trial court erred in failing to suppress statements police obtained through coercion or by improper inducements. Upon review, we find both assignments of error to be unpersuasive.

{¶ 6} The first assignment of error challenges the propriety of the prosecutor's questioning on redirect examination. Maxwell contends the questioning improperly disparaged his counsel, resulting in prejudice to his defense. He argues that the trial court should have granted his motion for a mistrial or, at a minimum, provided a curative instruction.

{¶ 7} The questioning at issue occurred during the prosecutor's redirect examination of detective Gregory Gaier. The following exchange took place:

{¶ 8} PROSECUTOR: "You weren't asked on cross-examination about the things that Defendant Maxwell stole in the house."

{¶ 9} DEFENSE COUNSEL: "Objection."

---

[1] This court consolidated the appeals on March 30, 2011, noting that the three cases had been considered by the trial court at the same time.

{¶ **10**} PROSECUTOR: "And I want to talk about that."

{¶ **11**} THE COURT: "Wait a minute. Overruled."

{¶ **12**} PROSECUTOR: "Thank you. For example, you weren't asked about what Maxwell took out of the back room on cross."

{¶ **13**} DEFENSE COUNSEL: "Objection. May we approach?"

(At sidebar)

{¶ **14**} DEFENSE COUNSEL: "Your Honor, now he's asking this witness to indicate whether or not I asked certain questions. It's actually inappropriate, and I would ask—and now I'm going to ask for a mistrial on that, because you can't be asking who asked what question, you know, because now you're putting into the minds of the jury as to speculation. If you want to open that door, we can."

{¶ **15**} PROSECUTOR: "Mine is different. Your questions were trying to lead the jury to believe that the only one who was committing any actions inside the house. [sic]. The way you asked your questions was Mr. Smith —

{¶ **16**} DEFENSE COUNSEL: "I —

{¶ **17**} PROSECUTOR: "Let me finish my thought, and then you can say what you'd like. And therefore, it was always Mr. Smith in the questions. My questions are going to be let's talk about what Mr. Smith — or Mr. Maxwell told you during that same conversations that he stole and was it — what were the things that he did during the same conversation that you inquired of this detective on, which is proper redirect."

{¶ **18**} DEFENSE COUNSEL: "Well, what you describe right now is proper redirect. Asking him the defense attorney didn't ask you about this, defense attorney didn't ask you about that, defense attorney didn't ask you about that, that is absolutely improper."

{¶ **19**} THE COURT: "Okay. It is improper, but it doesn't rise to the level of a mistrial. Rephrase."

{¶ **20**} PROSECUTOR: "I can do that."

(End sidebar)

{¶ **21**} DEFENSE COUNSEL: "Thank you, your Honor."

{¶ 22} THE COURT: "Sustained."

{¶ 23} (Trial transcript at 600-601).

{¶ 24} "The granting or denial of a motion for a mistrial rests in the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion." *State v. Treesh* (2001), 90 Ohio St.3d 460, 480. "A mistrial should not be ordered in a criminal case merely because some error or irregularity has intervened * * *." Id. "The granting of a mistrial is necessary only when a fair trial is no longer possible." Id. We see no abuse of discretion in the trial court's failure to declare a mistrial based on the above incident. The trial court reasonably could have found that the prosecutor's statement about what Gaier was not asked on cross examination did not deprive Maxwell of a fair trial. Nor does the trial court's failure to issue a curative instruction warrant reversal of Maxwell's convictions. Defense counsel did not request a curative instruction, and we find no plain error in the trial court's failure to issue one sua sponte.

{¶ 25} Finally, Maxwell's first assignment of error makes passing reference to a comment by the trial court during closing arguments about certain remarks that were "getting close to crossing the line[.]" (Trial transcript at 676). Having reviewed the record, we find it unclear whether the trial court was admonishing the prosecutor or defense counsel in this instance. In any event, even if the admonishment was directed toward the prosecutor, the prosecutor's remarks were made during a sidebar and, therefore, did not prejudice Maxwell before the jury. (Id. at 673-676). The first assignment of error is overruled.

{¶ 26} In his second assignment of error, Maxwell contends the trial court erred in overruling his suppression motion in Montgomery App. No. 24148. Maxwell had sought to suppress statements he made to police on three occasions, arguing that the statements were the product of coercion or improper inducements. Maxwell's assignment of error addresses two of those occasions.

{¶ 27} The first incident involved police asking him to write a statement after he announced that he had to leave a voluntary interview. Maxwell argues that police coerced him into writing the statement, and provided an improper inducement, by only allowing him to leave after he complied with their request. The second incident involved police questioning Maxwell again, this time in custody, and asking him to write another statement consistent with the version of events he then was providing. Maxwell asserts that he was coerced into providing this second statement by a detective's "strong implication" that he had provided two versions of events, one of which was untruthful.

{¶ 28} In overruling Maxwell's motion, the trial court accepted and relied on testimony provided by detective Gaier during a suppression hearing. Gaier testified that, on the first occasion, Maxwell voluntarily went to the police station for an interview. (Suppression hearing transcript at 7). Maxwell was not in custody, and Gaier did not yet consider him a suspect. (Id. at 8). Early in the interview, Gaier advised Maxwell that he was free to leave any time. (Id. at 9). The events about which Maxwell complains occurred near the end of the meeting.    During the suppression hearing, Gaier explained: "I asked him—when we were done with the interview he stated that he needed to leave soon. I asked him if he would be willing to write a statement for me. He stated that he would. At that point in time I supplied him with a pen and paper, and we left him alone in the interview room to compile that statement." (Id. at 11-12). After Maxwell finished writing his statement, he again mentioned needing to leave and "asked if he could go." (Id. at 13). Gaier responded, "absolutely," and Maxwell left. (Id.).

{¶ 29} According to Gaier, the second incident involved an interview that occurred later, while Maxwell was in custody. Prior to that interview, Maxwell had been arrested for something unrelated to Gaier's investigation. (Id. at 14). Gaier met Maxwell in a jail interview room. (Id.). After obtaining a written waiver of Maxwell's *Miranda* rights, Gaier began the interview. The detective confronted Maxwell with information obtained through his own investigation that was inconsistent with what Maxwell previously had claimed. (Id. at 20). Near the end of the interview, Gaier asked whether Maxwell "wanted to write a written statement, again, with his different version of the events that occurred." (Id. at 21). Maxwell agreed and provided the second statement at issue. (Id.).

{¶ 30} Having reviewed Gaier's hearing testimony, we see no error in the trial court's denial of Maxwell's suppression motion. With regard to the first statement, the record reflects that Maxwell voluntarily appeared at the police station and, after being advised he was free to leave, agreed to make a written statement. Although Maxwell claims Gaier coerced or induced the statement by not allowing him to leave until he provided it, the hearing transcript simply does not support his claim.

{¶ 31} With regard to the second statement, we see no improper coercion arising from the fact that Gaier confronted Maxwell with the results of his investigation and requested a second statement. Gaier's mere presentation of evidence or allegations at odds with what Maxwell previously had claimed did not render the second statement involuntary under the Fifth Amendment. "A defendant's statement to police is voluntary absent evidence that his will was overborne and his capacity for self-determination was critically impaired due to coercive police conduct." *State v. Buk-Shul*, Montgomery App. No. 23603, 2010-Ohio-3902, ¶9. We find no

such coercion here. The second assignment of error is overruled.

{¶ 32} The judgments of the Montgomery County Common Pleas Court that were the subject of these appeals in trial court case numbers 2009-CR-2679, 2009-CR-4063/2 and 2009-CR-4183/2 are affirmed.

. . . . . . . . . . . . . .

DONOVAN and FROELICH, JJ., concur.

Copies mailed to:

Mathias H. Heck, Jr.
Andrew T. French
Jeffrey T. Gramza
Hon. Frances E. McGee